Citation Nr: 1736712 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 11-06 063 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for residuals of a traumatic brain injury (TBI). 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

I. Altendorfer, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from April 2003 to July 2007. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York. The RO in Buffalo certified the appeal to the Board. 

In a February 2011 rating decision, the RO increased the disability rating for the Veteran's service-connected TBI to 10 percent disabling, effective November 17, 2008. As the increase did not represent a total grant of the benefits sought on appeal, the claim remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993). 

In August 2015 and September 2016, the Board remanded the claim for further development of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

While further delay is regrettable, additional development is necessary prior to adjudication of the Veteran's claim. The Board finds that an additional VA examination is necessary prior to adjudication of his claim.

In August 2015, the Board found that a new VA examination was warranted in order to determine the severity of the Veteran's TBI. Subsequently, the Veteran was scheduled for a new VA examination in January 2016, but the Veteran's wife canceled the appointment due to inclement weather. Then, a new VA examination was rescheduled for February 2016, but the Veteran did not report to the February 2016 examination. In the August 2016 Written Brief Presentation, the Veteran's representative asserted that the Veteran did not attend the examination because he received inadequate notice of the VA examination. In September 2016, the claim came before the Board again. There, the Board found that the Veteran should be afforded another opportunity to report for a VA examination. 

Following the September 2016 remand, the record reflects that the AOJ scheduled the Veteran for a new VA examination in October 2016, but the examination was cancelled because the Veteran failed to RSVP. 

Unfortunately, the record does not indicate whether the Veteran received adequate notice of the scheduled the October 2016 examination because the record lacks clear notice of the scheduled VA examination. More specifically, on October 7, 2016, the RO initiated a VA examination request and listed the Veteran's address as [redacted]. On October 21, 2016, the upcoming VA examination was cancelled because the Veteran failed to RSVP. On October 27, 2016, VA received mail, denoting "Return to Sender." Since October 2016, the Veteran's address has been updated. Despite his absences in February 2016 and October 2016, the Veteran has demonstrated a willingness and ability to report to an examination, as evidence by his attendance at the November 2016 VA spinal examination. 

Unlike other regular VA practices, there is no published guidance establishing the presumption of regularity in this situation. See Kyhn v. Shinseki, 716 F.3d 572, 577-78 (Fed. Cir. 2013) (explaining that the regular practice of VA officials providing notice of a VA examination is not supported by law or policy, unlike for example, the practice to mail the Veteran notification of a rating decision, which is referenced in 38 U.S.C.S. § 7105(b)(1)). Therefore, there is sufficient ambiguity in the record surrounding whether the Veteran was notified of the October 2016 VA examination. Consequently, the Board finds that the Veteran should be afforded the opportunity for another medical opinion. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

Updated VA treatment records should also be requested. 38 U.S.C.S. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, the case is REMANDED for the following action:

Contact either the Veteran or his representative and verify his current address. Please update the Veteran's address in all VA databases containing such information accordingly. 

After the above has been completed to the extent possible, schedule the Veteran for an examination to determine the current nature and severity of his residuals of a TBI. The Veteran must be notified of the examination. The examiner should identify all related residuals of the TBI and describe their severity. The claims file should be reviewed by the examiner in conjunction with the examination.

After completing the requested actions, and any additional action deemed warranted, the AOJ should readjudicate the claim on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. The case should then be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.S. §§ 5109B, 7112 (LexisNexis 2017).



_________________________________________________
S.C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.S. § 7252 (LexisNexis 2017), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).